UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CINCLIPS, LLC,

      Plaintiff,

v.                                                                          Case No: 8:16-cv-1067-T-23JSS

Z KEEPERS, LLC,

      Defendant.

_____/

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

THIS MATTER is before the Court on Plaintiff's Motion to Compel (Dkt. 37) and Defendant's Response to Plaintiff's Motion to Compel Regarding Plaintiff's Second Request to Produce (Dkt. 38). Upon consideration, the Motion to Compel is granted in part and denied in part.

### BACKGROUND

Plaintiff, Cinclips, LLC, is the owner of United States Patent No. 9,133,609 ("the '609 Patent") for an invention entitled "Mounting Driver for Undermounted Sinks." (Dkt. 1 at ¶ 5.) The '609 Patent describes a mounting driver for under-mounting a sink to a support surface. (Dkt. 1 at ¶ 6.) In its Complaint, Plaintiff alleges that Defendant has infringed upon the '609 Patent "by having made, offering for sale, using, selling, and/or importing products under the name U-Mounts that duly embody the invention." (Dkt. 1 at ¶ 7.) Defendant states that it derived the concept for its U-Mount bracket from a commonly used furring strip used to support an under-mounted sink, and the U-Mount product is a plastic version of the furring strip. (Dkt. 38 at 2.)

On October 7, 2016, Plaintiff served Defendant with its Second Request for Production of Documents. (Dkt. 37-1.) On December 2, 2016, Defendant served its response without responsive

documents, stating that it would "produce relevant, responsive, and non-privileged documents at a mutually agreeable time and place." (Dkt. 37-2.) Defendant served its supplemental document production on December 23, 2016. (Dkt. 37 at 1.) Upon receiving Defendant's production, Plaintiff deemed the responses and production insufficient and raised this issue in correspondence to Defendant dated December 27, 2016. Plaintiff subsequently filed its Motion to Compel. (Dkt. 37.)

## APPLICABLE STANDARDS

A party, "[o]n notice to other parties and all affected persons," may move to compel discovery. Fed. R. Civ. P. 37(a)(1). "The Federal Rules of Civil Procedure strongly favor full discovery whenever possible," but the trial court "is given wide discretion in setting the limits of discovery." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985); *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984) ("Case law states that a motion to compel discovery is committed to the discretion of the trial court"). "The party resisting discovery has the burden to show that the requested discovery is not relevant and that the production of such discovery would be unduly burdensome." *Benavides v. Velocity IQ, Inc.*, No. 8:05-CV-1536-T-30, 2006 WL 680656, at *2 (M.D. Fla. Mar. 15, 2006).

Through discovery, parties may obtain materials that are within the scope of discovery, meaning they are nonprivileged, relevant to any party's claim or defense, and "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The term "relevant" is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Courts consider the following factors when evaluating proportionality: (1) "the importance of the issues at stake in the action," (2) "the amount in controversy," (3) the parties'

relative access to relevant information," (4) "the parties' resources," (5) "the importance of the discovery in resolving the issues," and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Materials "need not be admissible in evidence to be discoverable." *Id.*

When a party withholds otherwise discoverable information by claiming privilege or work product, the party must "describe the nature of the documents, communications, or tangible things not produced or disclosed . . . without revealing information itself privileged or protected." Fed. R. Civ. P. 26(b)(5)(A). The attorney-client privilege protects communications made in confidence by a client to an attorney for the purposes of securing legal advice or assistance. *In re Grand Jury (G.J. No. 87-03-A)*, 845 F.2d 896, 897 (11th Cir. 1988). However, the attorney-client privilege only protects the disclosure of communications, not the disclosure of the underlying facts by those who communicated with the attorney. *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981). Moreover, because withholding of otherwise discoverable information "serves to obscure the truth," the privilege "should be construed as narrowly as is consistent with its purpose." *United States v. Suarez*, 820 F.2d 1158, 1160 (11th Cir. 1987). The burden of establishing the application of the attorney-client privilege rests on the party asserting the privilege. *In re Grand Jury Investigation*, 842 F.2d 1223, 1225 (11th Cir. 1987).

The work-product doctrine protects from discovery documents and tangible things prepared in anticipation of litigation or for trial by or for a party or a party's representative. Fed. R. Civ. P. 26(b)(3)(A). The doctrine also protects "opinion work product," which encompasses any material that reflects the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation. Fed. R. Civ. P. 26(b)(3)(B); *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir. 1994). However, only work product

"made for the purpose of facilitating the rendition of legal services to the client" is protected by the work-product doctrine. *In re Grand Jury Investigation*, 769 F.2d 1485, 1487 (11th Cir. 1985). Thus, the work-product doctrine does not protect documents prepared in the ordinary course of business of a party. *Fed. Deposit Ins. Corp. v. Cherry, Bekaert & Holland*, 131 F.R.D. 596, 600 (M.D. Fla. 1990).

## ANALYSIS

Plaintiff moves to compel Defendant to produce documents in response to Requests for Production Number 23, 24, 25, 26, 27, 29, and 32. (Dkt. 37.) In response, Defendant argues that it has produced responsive documents and that a number of the requests are unduly burdensome. (Dkt. 38.)

Request Number 23 seeks "[a]ll documents relating to the design and development of U-Mounts." (Dkt. 37 at 2.) Defendant objected to Request Number 23 as vague, ambiguous, and overly broad and asserted the attorney client privilege. (Dkt. 37-2 at 2.) Defendant states that it asserted the attorney client privilege objection in an abundance of caution based on the belief that Plaintiff sought communications between Defendant and Defendant's counsel. (Dkt. 38 at 2.) Given its privilege assertion, Defendant is directed to supplement its response to this request with a privilege log identifying any responsive documents, the author(s) of the document, the recipient(s) (including copy recipients) of the document, the subject matter of the document, the date of the document, and a specific explanation of why the document is privileged or excluded from discovery. *See* Fed. R. Civ. P. 26(b)(5)(A) (When a party withholds otherwise discoverable information by claiming privilege or work product, the party must "describe the nature of the documents, communications, or tangible things not produced or disclosed" in a manner that will enable the other party to assess the privilege claim.)

Notwithstanding its privilege objection, Defendant has produced photographs of the development concept as well as a design rendering of the U-Mount bracket in response to Request Number 23. (Dkt. 38 at 2.) Defendant also states that it "discussed the conceptual development in its briefing on claim construction and in its invalidity contentions." (Dkt. 38 at 2.) However, Defendant's response to Plaintiff's discovery request does not address the "conceptual development." Nor does Defendant's response include an explanation concerning whether any additional responsive documents exist related to the design and development of U-Mounts. Therefore, Defendant is directed to supplement its response to this request and produce any additional responsive documents concerning the information referenced in its briefing.

Request Number 24 seeks "[a]ll manufacturing drawings concerning the U-Mounts." (Dkt. 37-2 at 2.) Defendant states that it produced the only design drawing it possesses relating to the U-Mount, as well as an image of the U-Mount included in an invoice from the manufacturer. Defendant further states that it does not manufacture the U-Mount and has no other responsive documents. (Dkt. 38 at 3.) Plaintiff has not offered any evidence to indicate this assertion is inaccurate. Rather, Plaintiff argues that "Defendant likely possesses its own product manufacturing drawings" and, if it does not, that "Defendant can obtain the requested documents from a third party." (Dkt. 37 at 9–10.)

"Under Fed.R.Civ.P. 34, control is the test with regard to the production of documents. Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand." *Searock v. Stripling*, 736 F.2d 650, 654 (11th. Cir. 1984). The party seeking production bears the burden of showing that the opposing party has control over the requested documents. *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-CV-557-T-27EAJ, 2013 WL 12156100, at *4 (M.D. Fla. Dec. 13, 2013). Here, there is no evidence that Defendant has a legal right to

obtain the requested documents or that an affiliation between Defendant and the company that manufactures the U-Mount exists. *See Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1201 (11th Cir. 2016) (finding the legal right to obtain documents requested upon demand may be established where affiliated corporate entities have shared responsive documents in the course of their normal business dealings); *DeSoto Health and Rehab, L.L.C. v. Philadelphia Indem. Ins. Co.*, Case No. 2:09–cv–599–99SPC, 2010 WL 4853891, at \*3 (M.D. Fla. Nov. 22, 2010) ("Control is defined as a 'party's legal right, authority, or practical ability to obtain the materials sought on demand.'"). Therefore, the Motion to Compel as to this request is denied.

Request Number 25 seeks "[d]ocuments sufficient to identify, including name, address, and appropriate entity for receiving service of a subpoena, all manufacturers of U-Mounts." (Dkt. 37-2 at 2.) Defendant produced a copy of the invoice issued by the manufacturer of the U-Mount for the cost of fabricating the mold for production of the U-Mount product. The invoice includes the name and address of the manufacturer. The invoice also includes redacted information. But, Defendant did not provide a privilege log. Therefore, Defendant is directed to supplement its response to this request with a privilege log identifying the author(s) of the document, the recipient(s) (including copy recipients) of the document, the subject matter of the information redacted in the document, the date of the document, and a specific explanation of why redacted information in the document is privileged or excluded from discovery. *See* Fed. R. Civ. P. 26(b)(5)(A).

Request Number 26 seeks "[d]ocuments sufficient to identify, including name, address and appropriate entity for receiving service of a subpoena, all distributors of U-Mounts." (Dkt. 37-2 at 3.) Plaintiff argues that this information is "inherently relevant." (Dkt. 37 at 11.) However, Defendant maintains that during a telephone conference between Plaintiff's and Defendant's

counsel, Plaintiff's counsel indicated that Plaintiff seeks these documents in order to test the accuracy of the sales figures that Defendant has produced regarding its sales of U-Mounts. (Dkt. 38 at 5.) Defendant argues that there are more direct methods of obtaining this information, such as through Defendant's bank records. (Dkt. 38 at 5.) Additionally, Defendant produced a document identifying its commercial customers, as well as sales revenue derived from each customer, the dates of their purchases of U-Mounts, and the quantities of U-Mounts purchased. Defendant has sufficiently responded to Plaintiff's discovery request. Therefore, the Motion to Compel as to this request is denied.

Request Number 27 seeks "[d]ocuments sufficient to show the amount paid for all tooling used in connection with manufacturing U-Mounts." (Dkt. 37-2 at 3.) Defendant indicates that it has produced all responsive documents, including an invoice from the manufacturer showing the cost of obtaining tooling for the production of the U-Mount. (Dkt. 38 at 6.) Therefore, the Motion to Compel as to this request is denied.

Request Number 29 seeks "[a]ll correspondence (including emails) between David Smith and Dimitri Kelner." (Dkt. 37-2 at 3.) According to Defendant, it does not possess any responsive documents, privileged or non-privileged. (Dkt. 38 at 6.) Therefore, the Motion to Compel as to this request is denied.

Request Number 32 seeks "[a]ll emails David Smith has sent or received that include any of these words: 'U-Mount' 'Cinclips' 'Dow' 'Blaine' 'patent' or 'infringement.'" (Dkt. 37 at 4.) David Smith is the sole principal of Defendant. (Dkt. 38 at 7.) Defendant argues, and this Court agrees, that this request is overly broad. Specifically, the request does not specify a timeframe. Further, while Plaintiff argues that the request includes "only six specific terms," the terms are not

narrowly tailored.  Although the scope of discovery is broad, "the discovery rules do not permit the [parties] to go on a fishing expedition."  *Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006).

However, a request for documents that include the word "Cinclips" within the time frame of the allegations in the Complaint, from September 15, 2015 to the present, is relevant and proportional to the needs of the case.  The Motion to Compel is granted in part, and Defendant shall supplement its response by producing all emails David Smith has sent or received from September 15, 2015 to the present that include the word Cinclips.  *See Moore v. Armour Pharmaceutical Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991) (stating that the trial court "has wide discretion in setting the limits of discovery"); *Farnsworth*, 758 F.2d at 1547 (same); *Commercial Union Ins. Co.*, 730 F.2d at 731 ("Case law states that a motion to compel discovery is committed to the discretion of the trial court").

Defendant has also asserted a privilege objection to Request Number 32.  (Dkt. 37 at 3.) With respect to any documents responsive to the narrowed request, Defendant is directed to supplement its response to this request with a privilege log identifying the author(s) of the document, the recipient(s) (including copy recipients) of the document, the subject matter of the document, the date of the document, and a specific explanation of why the document is privileged or excluded from discovery.  *See* Fed. R. Civ. P. 26(b)(5)(A).  Therefore, the Motion to Compel as to this request is granted in part and denied in part.

Accordingly, it is **ORDERED** that Plaintiff's Motion to Compel (Dkt. 37) is **GRANTED** in part and **DENIED** in part.  Defendant is directed to supplement its responses to Requests 23, 25, and 32 as stated above within ten (10) days of this Order.  The motion is denied as to Requests 24, 26, 27, and 29.  Plaintiff's Motion to Compel is denied with respect to the request for fees and

- 9 -

costs incurred in connection with the Motion.

        **DONE** and **ORDERED** in Tampa, Florida, on March 21, 2017.

                       JULIE S. SNEED
                  UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record