UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CINCLIPS, LLC,

    Plaintiff,

v.                                              Case No: 8:16-cv-1067-T-23JSS

Z KEEPERS, LLC,

    Defendant.
_____/

**ORDER ON PLAINTIFF'S MOTION TO
STRIKE AFFIDAVIT OF UNDISCLOSED WITNESS**

THIS MATTER is before the Court on Plaintiff's Motion to Strike Affidavit of Undisclosed Witness ("Motion") (Dkt. 63), and Defendant's response in opposition (Dkt. 67). For the reasons that follow, the Motion is denied.

**BACKGROUND**

Plaintiff, Cinclips, LLC, is the owner of United States Patent No. 9,133,609 ("'609 Patent") for an invention titled "Mounting Driver for Undermounted Sinks," which patent was granted in September 2015. (Dkt. 1 ¶ 5.) The '609 Patent describes a mounting driver for under-mounting a sink to a support surface. (*Id.* ¶ 6.) In its Complaint, Plaintiff alleges that Defendant has infringed upon the '609 Patent "by having made, offering for sale, using, selling, and/or importing products under the name U-Mounts that duly embody the invention." (*Id.* ¶ 7.)

In response, Defendant states that it derived the concept for its U-Mount bracket from a commonly used and decades-old wood furring strip used to support an under-mounted sink, and the U-Mount product is a plastic version of the furring strip. (Dkt. 38 at 2.) Thus, as an affirmative defense, Defendant argues that Plaintiff's '609 Patent is invalid because these furring strips existed before the '609 Patent. (Dkt. 22 ¶ 19; Dkt. 59 at 6–7.)

Plaintiff filed its Motion for Summary Judgment of Infringement and No Invalidity of Claims 8-13 and 16-20 of the '609 Patent (Dkt. 54), and Defendant filed its Opposition to Plaintiff's Motion for Summary Judgment, arguing that Defendant used "furring strip undermount sink supports which are the substantial equivalent to [the '609 Patent] almost two decades prior to the grant of plaintiff's patent." (Dkt. 59 at 6–7.) In support of this argument, Defendant attached the affidavit of Alan Kaiser, who avers that he used wooden furring strips as early as 2008 when he worked installing countertops and sinks. (Dkt. 59-2.)

In the present Motion, Plaintiff seeks an order striking Mr. Kaiser's affidavit and precluding him from testifying at trial. (Dkt. 63.) Plaintiff contends that Mr. Kaiser must be stricken because he was never disclosed in discovery. In response, Defendant argues that it provided Plaintiff with Mr. Kaiser's contact information weeks prior to Plaintiff's filing this lawsuit.

## ANALYSIS

### I. Federal Rule of Civil Procedure 26(a) Disclosure Requirement

The Federal Rules of Civil Procedure are designed to "narrow and clarify the issues," "give the parties mutual knowledge of all relevant facts," and "prevent[ ] surprise." *Shelak v. White Motor Co.*, 581 F.2d 1155, 1159 (5th Cir. 1978) (citing *Hickman v. Taylor*, 329 U.S. 495 (1947)). Accordingly, Rule 26 requires each party to provide initial disclosures identifying "each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i).

"Parties also must supplement their Rule 26 disclosures at appropriate intervals." *Cooley v. Great Southern Wood Preserving*, 138 F. App'x 149, 159 (11th Cir. 2005). Specifically, a party must supplement or correct disclosures "in a timely manner if the party learns that in some material

respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

In support of the Motion, Plaintiff argues that Mr. Kaiser was not disclosed during discovery, neither in Defendant's initial disclosures (Dkt. 63-1), nor in response to Plaintiff's interrogatory requesting the names of people involved in manufacturing the furring strip (Dkt. 63-2, Interrogatory Number 11). Plaintiff argues that it will be prejudiced if Mr. Kaiser is permitted to provide evidence because it was never given the opportunity to depose Mr. Kaiser because he was never disclosed in discovery. (Dkt. 63.)

In response to the Motion, Defendant argues that it made Plaintiff aware of Mr. Kaiser's identity and knowledge of the furring strip in April 2016. (Dkt. 67.) Specifically, Defendant's prior counsel wrote Plaintiff's counsel a letter dated April 21, 2016, before Plaintiff filed this lawsuit on April 29, 2016. (Dkt. 67-1.) In the letter, Defendant enclosed copies of the furring strip, arguing that its existence invalidated the '609 Patent and, accordingly, Plaintiff's claims of infringement. (*Id.* at 3.) Further, Defendant stated "[f]or third parties using furring strips for an extended period of time for the claims before your client's priority date, feel free to contact Click4Countertops, LLC of Atlanta, GA (770)865-9981 that has been using the strips since 2008." (*Id.* at 3, n.5.) Defendant states that Mr. Kaiser is the proprietor of Click4Countertops, LLC. (Dkt. 67 at 2.) Additionally, according to Defendant, the number provided in the letter for Click4Countertops, LLC was, and still is, Mr. Kaiser's cell phone number. (*Id.*)

Defendant states that it also produced this letter to Plaintiff in September 2016. (Dkt. 67-2.) Finally, Defendant's principal Dave Smith, in his May 24, 2017, deposition taken after the close of discovery, testified that Mr. Kaiser, who worked for him in 2008, uses the wood furring

strips. (Dkt. 67-3.) Mr. Smith testified that Mr. Kaiser owns a business called Click4Countertops. (*Id.*) Therefore, Defendant argues, Defendant made Plaintiff aware of Mr. Kaiser as early as April 2016 and again in September 2016 and May 2017.

Mr. Kaiser was not identified by name in the April 21, 2016, letter and he was not listed in Defendant's July 6, 2016 initial disclosures. (Dkts. 63-1, 67-1.) However, in the April 21, 2016 letter, Defendant provided Mr. Kaiser's cell phone number as the contact for Click4Countertops, LLC, a non-party Defendant contends used the furring strips before the '609 Patent was granted. (Dkt. 67-1 at 3, n.5.) Defendant produced this letter to Plaintiff again in September 2016. (Dkt. 67-2.) In his May 24, 2017 deposition, Defendant's principal identified Mr. Kaiser as the owner of Click4Countertops, LLC. (Dkt. 67-3.) Although Mr. Kaiser was identified during the course of discovery, he was not identified in Defendant's initial disclosures or any supplement thereto.

Rule 26, however, provides that individuals with information used "solely for impeachment" do not need to be disclosed. Fed. R. Civ. P. 26(a)(1)(A)(i); *Baldeo v. Dolgencorp, LLC*, No. 8:12-CV-02762-EAK, 2014 WL 4749049, at *3 (M.D. Fla. Sept. 23, 2014) (internal citation omitted) ("If the material is supplied for impeachment purposes only, there is no Rule 26 violation [ ] and Rule 37(c) sanctions do not apply."). Nevertheless, it does not appear that Mr. Kaiser's affidavit is used simply as impeachment, in which case Defendant would not have been required to disclose him in its initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(A)(i) ("[A] party must . . . provide to the other parties" names of individuals "likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment"). Defendant argues that it used Mr. Kaiser's affidavit to correct what it argues are Plaintiff's misstatements of Mr. Smith's deposition testimony in Plaintiff's motion for summary judgment. (Dkt. 67 at 4–5, 8.) Specifically, Defendant argues that Plaintiff states that

Mr. Smith testified that he did not see the wood furring strip until 2014, when in fact Mr. Smith testified that he used the furring strips since the 1990s. (*Id.* at 5.) However, upon review of Defendant's response to Plaintiff's motion for summary judgment (Dkt. 59), Defendant uses Mr. Kaiser's affidavit not merely as impeachment but to support its defense that because the '609 Patent is invalid (based on the prior existence of the furring strip), there could be no infringement. (Dkt. 22 ¶ 19.)

Accordingly, because Defendant uses Mr. Kaiser's testimony to support its defenses, he should have been disclosed as part of Defendant's initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(A)(i). Defendant was under the duty to supplement its disclosures "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Id.* at 26(e)(1)(A). Although Mr. Kaiser was not identified by name in the April 21, 2016 letter, which Defendant provided to Plaintiff again in September 2016, his company's knowledge regarding the furring strip and its phone number was provided to Plaintiff during the discovery process.

## II. Federal Rule of Civil Procedure 37(c) Prejudice Requirement

As Mr. Kaiser was not specifically identified as a witness, the Court must determine whether this failure "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). If a party fails to identify a witness, either by untimely disclosing a witness or by failing to disclose a witness, then the party is not allowed to use that witness to supply evidence at trial "unless the failure was substantially justified or is harmless." *Id.* Substantial justification exists if there is "justification to a degree that could satisfy a reasonable person that parties differ as to whether the party was required to comply with the disclosure request." *Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 682 (M.D. Fla. 2010) (quotation and citation omitted). A harmless failure to disclose exists "when

there is no prejudice to the party entitled to receive the disclosure." *Id.* at 683. The Advisory Committee Notes to Rule 37 provide that "[l]imiting the automatic sanction to violations 'without substantial justification,' coupled with the exception for violations that are 'harmless,' is needed to avoid unduly harsh penalties in a variety of situations: *e.g.,* the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties." Fed. R. Civ. P. 37(c) advisory committee's note to 1993 amendment.

The court has broad discretion in deciding whether a failure to disclose evidence is substantially justified or harmless under Rule 37(c)(1). *United States ex rel. Bane v. Breathe Easy Pulmonary Servs., Inc.*, No. 8:06-cv-00040-T-33MAP, 2009 WL 92826, at *3 (M.D. Fla. Jan. 14, 2009). In determining whether a failure to disclose evidence is substantially justified or harmless, courts are guided by the following factors: (1) the unfair prejudice or surprise of the opposing party; (2) the opposing party's ability to cure the surprise; (3) the likelihood and extent of disruption to the trial; (4) the importance of the evidence; and (5) the offering party's explanation for its failure to timely disclose the evidence. *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1250–51 (M.D. Fla. 2012).

As to substantial justification, Defendant states that its counsel was "unaware" of the April 21, 2016 letter sent by Defendant's prior counsel at the time he prepared Defendant's initial disclosures. (Dkt. 67 at 2.) However, Defendant's counsel produced this letter two months later. (Dkt. 67-2.) Therefore, Defendant has not shown substantial justification for its failure to identify Mr. Kaiser as a witness. However, the Court concludes that Plaintiff cannot show that it is harmed by Defendant's failure to explicitly disclose Mr. Kaiser because Defendant informed Plaintiff of Click4Countertops, LLC, and its contact information (Mr. Kaiser's cell phone number), as early

as April 2016 to support its assertion that it cannot be infringing on the '609 Patent because it is invalid.

Because Plaintiff was aware that Click4Countertops, LLC, owned by Mr. Kaiser, had information regarding the existence of the wood furring strips before the '609 Patent was granted as early as April 2016, and Plaintiff had the contact information for Click4Countertops, LLC, which is Mr. Kaiser's cell phone, the Court concludes that Defendant's failure to identify him in supplemental disclosures was harmless. *See Graley v. TZ Ins. Sols., LLC*, No. 2:14-CV-636-FTM-CM, 2016 WL 4595066, at *2 (M.D. Fla. Sept. 2, 2016) (finding the failure to disclose witnesses in initial disclosures harmless because they were named in responses to interrogatories); *Baldeo*, 2014 WL 4749049, at *7 (determining that a witness should have been disclosed in supplemental disclosures but holding that the failure to disclose was harmless because the witness was disclosed in responses to a request for production).

Accordingly, it is **ORDERED** that Plaintiff's Motion to Strike Affidavit of Undisclosed Witness (Dkt. 63) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, on July 5, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record