UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CINCLIPS, LLC,

      Plaintiff,

v.                                      Case No: 8:16-cv-1067-T-23JSS

Z KEEPERS, LLC,

      Defendant.

_____/

## ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on Plaintiff's Motion for Reconsideration of the Court's Order Denying Plaintiff's Motion to Strike Affidavit of Undisclosed Witness ("Motion") (Dkt. 79), and Defendant's response in opposition (Dkt. 80). For the reasons that follow, the Motion is denied.

## BACKGROUND

On June 22, 2017, Plaintiff filed a motion seeking an order striking an affidavit Defendant filed in support of its response opposing Plaintiff's motion for summary judgment. (Dkt. 63.) Specifically, in response to Plaintiff's motion for summary judgment, Defendant argued that Defendant used "furring strip undermount sink supports which are the substantial equivalent to [Plaintiff's '609 Patent] almost two decades prior to the grant of plaintiff's patent." (Dkt. 59 at 6–7.) In support of this argument, Defendant attached the affidavit of Alan Kaiser, who avers that he used wooden furring strips as early as 2008 when he worked installing countertops and sinks. (Dkt. 59-2.) Plaintiff sought an order striking Mr. Kaiser's affidavit and precluding him from testifying at trial, contending that Mr. Kaiser was never disclosed in discovery. (Dkt. 63.)

On July 5, 2017, the Court entered an order denying Plaintiff's motion ("Order"). (Dkt. 73.) The Court concluded that although Mr. Kaiser was identified during the course of discovery, as early as April 2016, he was not identified in Defendant's Rule 26 disclosures. Nonetheless, the Court concluded that Defendant's failure was harmless because Defendant informed Plaintiff of Click4Countertops, LLC, and its contact information (Mr. Kaiser's cell phone number), as early as April 2016 to support its assertion that it cannot be infringing on the '609 Patent because it is invalid.

In the Motion, Plaintiff requests that the Court reconsider its Order, arguing that Plaintiff is substantially harmed by Defendant's failure to disclose Mr. Kaiser. (Dkt. 79 at 1.) In response, Defendant argues that the Motion must be denied because Plaintiff fails to assert a proper basis for reconsideration and instead "rehash[es]" its argument from its original motion to strike. (Dkt. 80.)

## APPLICABLE STANDARDS

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). The decision to grant a motion for reconsideration is committed to the sound discretion of the court. *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993). A motion for reconsideration requires the moving party to show: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice. *Wendy's Int'l., Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 684 (M.D. Fla. 1996).

## ANALYSIS

In the Motion, Plaintiff first argues that the Court improperly placed the burden on Plaintiff to show that Defendant's failure to disclose Mr. Kaiser was harmless. (Dkt. 79 at 2.) The Court

recognizes that the way this conclusion is worded in the Order—"[T]he Court concludes that Plaintiff cannot show that it is harmed by Defendant's failure to explicitly disclose Mr. Kaiser" (Dkt. 73 at 6)—does seem to suggest that Plaintiff did not meet a burden. However, the substance of this conclusion was that Defendant's failure to disclose Mr. Kaiser was harmless, and the Order makes this conclusion explicit. The Order explained, "the Court concludes that Defendant's failure to identify [Mr. Kaiser] in supplemental disclosures was harmless." (Dkt. 73 at 7.) Accordingly, this contention does not warrant reconsideration of the Order.

Next, Plaintiff questions the Court's conclusion that Defendant's failure to disclose Mr. Kaiser was harmless, arguing that "even if a footnote identifying a company owned by Mr. Kaiser put Plaintiff on notice that Mr. Kaiser had relevant information about the case, this does not render the non-disclosure harmless, because it did not put Plaintiff on notice that Mr. Kaiser was a potential witness about the particularly-shaped furring strip." (Dkt. 79 at 3.) However, this contention is belied by the April 2016 letter, in which Defendant's counsel informed Plaintiff's counsel as follows: "For third parties using furring strips for an extended period of time for the claims before your client's priority date, feel free to contact Click4Countertops, LLC of Atlanta, GA (770)865-9981 that has been using the strips since 2008." (Dkt. 67-1 at 3, n.5)

Thus, rather than showing a change in controlling law, new evidence, or clear error, Plaintiff reiterates its argument that it was harmed and questions the Court's conclusion that Plaintiff was provided Mr. Kaiser's contact information as early as April 2016. Motions for reconsideration, however, "should not be used as a vehicle . . . to reiterate arguments previously made." *See Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992); *Sussman*, 153 F.R.D. at 694 (emphasizing that "[o]nly a change in the law, or the facts upon which a decision is based, will justify a reconsideration of a previous order" because "courts and litigants

cannot be repeatedly called upon to backtrack through the paths of litigation which are often laced with close questions"). Because Plaintiff asks the Court to review the same issues that it already ruled upon in the Order, the Motion is denied.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Reconsideration of the Court's Order Denying Plaintiff's Motion to Strike Affidavit of Undisclosed Witness (Dkt. 79), is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, on August 4, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record