**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| CINCLIPS, LLC, )<br>    a Georgia Limited Liability Company )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>Z KEEPERS, LLC, )<br>    A Florida Limited Liability Company )<br> )<br>Defendant. )<br>_____/ | Case No. 8:16-cv-01067-SDM-JSS |

**MOTION FOR RECONSIDERATION**

Plaintiff, Cinclips, LLC ("Plaintiff") respectfully requests the Court reconsider its September 20, 2018 Order Granting Defendant's Motion in Limine to Preclude Plaintiff from Introducing Any Evidence of U.S. Patent 9,637,898 Patent ("the '898 Patent") [Dkt. 125].

Reconsideration is warranted in light of additional developments since the original briefing. Notably, Defendant's recent filings indicate Defendant now intends to pursue a separate challenge on the validity of the patent-in-suit under the theory of "inequitable conduct." *See e.g.* Defendant's Proposed Verdict Form [Dkt. 117] at Question 9; Defendant's Proposed Jury Instructions [Dkt. 116] at 7. These filings were submitted after the Motion in Limine was fully briefed (and were not provided to Plaintiff beforehand). Plaintiff did not include any inequitable conduct questions in its proposed verdict form because inequitable conduct is not framed by the Defendant's pleading, and was not pursued throughout discovery. *See e.g.* Defendant's Answer and Affirmative Defenses [Dkt. 22].

1

Defendant's Motion in Limine was timely filed on September 3, 2018, with Plaintiff's opposition timely filed on September 10, 2018. But a week later, Defendant introduced its inequitable conduct theory through its proposed jury instructions and verdict form.

This presents a challenge for Plaintiff. Plaintiff was not aware of Defendant's intent to pursue an inequitable conduct claim, and thus Plaintiff could not have timely filed a Motion in Limine to preclude such a presentation as the deadline for filing such a motion was September 3, 2018. Plaintiff's recourse here appears to be either: (1) a motion to strike Defendant's inequitable conduct allegations and arguments; or (2) a motion for reconsideration of the Court's order excluding evidence of the '898 Patent. The latter approach appears more appropriate.

Defendant's inequitable conduct allegations appear to be that Plaintiff was (or should have been) aware of a prior art furring strip, and thus should have made the Patent Office aware of this furring strip during prosecution of the '609 Patent. In Defendant's view, had the Patent Office considered the furring strip, it would not have allowed the claims of the '609 Patent. Putting aside the merits of this argument, the '898 Patent and its prosecution history are relevant to disprove this allegation.

Specifically, during prosecution of the '898 Patent, Cinclips submitted an Information Disclosure Statement to the Patent Office, providing the Patent Office with a copy of Defendant's invalidity contentions in this case. Exhibit A is a copy of the Information Disclosure Statement. Exhibit B is a copy of Defendant's invalidity contentions. Notably, the Information Disclosure Statement confirms on the bottom that the Patent Examiner reviewed the submitted material:

| Cite No.[1] | NON PATENT LITERATURE DOCUMENTS<br>Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[2] |
|---|---|---|
| | Cinclips LLC v. Z Keepers, LLC, Civil Action No. 8:16-cv-01067-SDM-JSS, "Z KEEPERS PRELIMINARY INVALIDITY CONTENTIONS," dated August 29, 2016 | |
| | Cinclips LLC v. Z Keepers, LLC, Civil Action No. 8:16-cv-01067-SDM-JSS, "JOINT CLAIM CONSTRUCTION STATEMENT," dated October 21, 2016 | |

| Examiner Signature | /KYLE J. WALRAED-SULLIVAN/ | Date Considered | 01/06/2017 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
1 Applicant's unique citation designation number (optional). 2 Applicant is to place a check mark here if English language Translation is attached. This collection of information is required by 37 CFR 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /K.W./

This confirms the Patent Examiner considered Defendant's Invalidity Contentions. Indeed, the face of the '898 Patent shows that Defendant's Invalidity Contentions, which include the alleged prior art furring strip, were considered by the Patent Office:

OTHER PUBLICATIONS

*Cinclips LLC v. Z Keepers, LLC*, Civil Action No. 8:16-cv-01067-SDM-JSS, "Z Keepers Preliminary Invalidity Contentions," dated Aug. 29, 2016.
(Continued)

Exhibit C, '898 Patent at 1. The Patent Examiner also noted in prosecution of the '898 Patent that the claims of the '898 Patent are "not patentably distinct" from the claims of the '609 Patent. *See* Exhibit D, Non-Final Office Action at 4. Thus, the '898 Patent is relevant to show that no inequitable conduct was committed during prosecution of the '609 Patent, because when the

3

Patent Office examined the '898 Patent, even in light of the alleged prior art furring strip, the Patent Office still found the claims patentable.

Plaintiff appreciates the Court's (and Defendant's) concern that introducing additional patent claims may further complicate the case for the jury, but Plaintiff has no intention of analyzing the inner workings of the claim language of any claim other than the asserted claims of the '609 Patent.  A limiting instruction pursuant to Fed. R. Evid. 105 appears the appropriate way to deal with that concern.  Plaintiff requests such an instruction be discussed at the charging conference.

Cinclips respectfully requests that the Court reconsider its Order Granting Defendant's Motion.

## CERTIFICATION PURSUANT TO L.R. 3.01(g)

Counsel for Cinclips has inquired with counsel for Z Keepers, who opposes this motion.

September 21, 2018

*/s/ Woodrow H Pollack*
Woodrow H. Pollack
Florida Bar No.: 26802
Shutts & Bowen, LLP
4301 W Boy Scout Blvd
Suite 300
Tampa, FL 33607
(813) 463-4894
(813) 227-8234 (facsimile)
wpollack@shutts.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on September 21, 2018 a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                */s/ Woodrow H. Pollack*
                                                Woodrow H. Pollack