IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

_____
**CINCLIPS, LLC,**               )
   a Georgia Limited Liability Company  )
                                      )
**Plaintiff,**                   )
                                       )   Civil Action No. 8:16-cv-01067-JSS
**v.**                           )
                                       )
**Z KEEPERS, LLC,**              )
   a Florida Limited Liability Company,  )
                                     )
**Defendant.**                   )
_____)

## OPPOSITION TO MOTION FOR RECONSIDERATION

Defendant Z Keepers ("Z Keepers") opposes and respectfully requests that the Court deny Plaintiff Cinclips' ("Cinclips") Motion for Reconsideration [Dkt. 130] of its September 20, 2018 Order [Dkt. 130].

Inequitable conduct is an equitable defense to patent infringement:

> *Inequitable conduct is an equitable defense* to patent infringement that, if proved, bars enforcement of a patent. This judge-made doctrine evolved from a trio of Supreme Court cases that *applied the doctrine of unclean hands* to dismiss patent cases involving egregious misconduct: *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 54 S. Ct. 146, 78 L. Ed. 293, 1934 Dec. Comm'r Pat. 639 (1933), *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 64 S. Ct. 997, 88 L. Ed. 1250, 1944 Dec. Comm'r Pat. 675 (1944), overruled on other grounds by *Standard Oil Co. v. United States*, 429 U.S. 17, 97 S. Ct. 31, 50 L. Ed. 2d 21 (1976), and *Precision Instruments Manufacturing Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806, 65 S. Ct. 993, 89 L. Ed. 1381, 1945 Dec. Comm'r Pat. 582 (1945).

*Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011) (emphasis added).

Z Keepers pleaded "other applicable equitable doctrines" as its Fifth Affirmative Defense and "unclean hands" (the foundation of inequitable conduct as noted by the Federal Circuit in *Therasense*) as its Sixth Affirmative Defense. As a named inventor on the '461 ('609 patent) application, Dow Blaine had an affirmative duty to inform the patent office of his knowledge of the prior art use of wedge-cut furring strips under Rule 56. *See* 37 C.F.R. § 1.56. He did not, and the '609 patent issued as a result.

As to the materiality prong of the *Therasense* test for inequitable conduct, Z Keepers' position that the furring strips were material to patentability of the '609 patent claims has always been clear. As to Blaine's intent under the second prong, Dave Smith attested in his deposition to his knowledge that Blaine had used furring strips screwed into a cabinet wall to support undermounted sinks. The affidavit testimony of Alan Kaiser, corroborating Dave Smith's testimony, only became available to Z Keepers on June 9th, 2017, and Z Keepers promptly elaborated on its inequitable conduct defense thereafter in its June 30th, 2017 Pretrial Statement. [Dkt. 070].

Moreover, as to the asserted relevance of the '898 patent, the Examiner's Statement of Reasons for Allowance in the '683 application for the '898 patent, dated January 23, 2017 (copied below), to which Cinclips was reminded to respond if necessary, but did not, included a statement that the prior art of record failed to teach "the back surface cap member being curved".

> **REASONS FOR ALLOWANCE**
>
> 3. The following is an examiner's statement of reasons for allowance:
>
>    ==The prior art of record fails to teach the totality of the invention including== a support bar with a support beam, the support bar pressed against the underside of a sink and rigidly secured to the wall of a cabinet, the support beam in a plane perpendicular to a back surface cap member and ==the back surface cap member being curved such that the back surface cap member of the support bar defines a concave surface along the back side of the support bar.==
>
>    Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably

('683 application file history page 12) (highlighting added).

This casts serious doubt on Cinclips' conclusion that the Examiner in the '609 patent would have allowed its claims despite being informed of the wedge-cut furring strips. That is, unless the Examiner understood the '609 patent claim 16 ('461 application claim 33) limitation "the second end of the support bar being angularly oriented relative to the central support body" to be imbued with more than its plain and ordinary meaning.

In view of the foregoing, no significant developments occurred in this case after the briefing on Defendant's Motion in Limine. Reconsideration is "an extraordinary remedy" and generally requires "'(1) an intervening change in the controlling law; (2) the availability of new evidence; [or] (3) the need to correct clear error or prevent manifest injustice.'" *Hurley v. Kent of Naples, Inc.*, No. 2:10–cv–334–FtM–29SPC, 2012 WL 12903850, at *1 (M.D. Fla. Jan. 12, 2012) (*quoting Susman v. Salem, Saxon & Meilson, P.A.*, 153 F.R.D. 689, 904 (M.D. Fla. 1994)). The Motion does not establish a proper basis for reconsideration.

Respectfully submitted.

**CYGAN LAW OFFICES, P.C.**

*/s/ Jeffrey S. Dixon*
Jeffrey S. Dixon, *pro hac vice*
Illinois Bar No. 6291231
**Cygan Law Offices, P.C.**
1600 Golf Road, Suite 1200
Rolling Meadows IL, 60008
847-956-4915
Fax: 888-416-8495

and

Charles G. Geitner, Esq.
Florida Bar No.: 85170
100 S. Ashley Dr., Suite 600
Tampa, FL 33602
(813) 724-3140
(813) 724-3179 (facsimile)
Charles.Geitner@FisherBroyles.com

*Attorneys for Defendant,*
*Z Keepers, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 21, 2018 a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Jeffrey S. Dixon*
Jeffrey S. Dixon