**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

_____

CINCLIPS, LLC,                                                    )
    a Georgia Limited Liability Company      )
                                                            )
Plaintiff,                                                            )
                                                            )    Civil Action No. 8:16-cv-01067-SDM-JSS
v.                                                                   )
                                                            )
Z KEEPERS, LLC,                                               )
    a Florida Limited Liability Company,      )
                                                            )
Defendant.                                                       )
_____)

## MOTION FOR EXTENSION OF TIME TO FILE MOTION TO AMEND JUDGMENT

Plaintiff, Cinclips, LLC ("Plaintiff") requests a two (2) day extension of time, or until October 30, 2018, to file its Motion to Amend or Alter Judgment ("Motion to Amend").

On September 28, 2018, the clerk entered judgment in favor of Defendant, Z Keepers, LLC and against Plaintiff [Dkt. 152]. Fed. R. Civ. P. 59(e) allows for a motion to alter or amend a judgment be filed no later than 28 days after the enter of judgment, or October 26, 2018. Whereas Fed. R. Civ. P. 60(b) allows for a motion to be made within reasonable time, and no more than a year after the entry of judgment. Undersigned inadvertently miscalendared the deadline under Fed. R. Civ. P 5(e), and hereby requests a brief two (2) day extension of time to file its Motion to Amend or Alter Judgment. Undersigned did not notice this miscalendaring until yesterday when undersigned set out to file the Motion to Amend.

On October 3, 2018, undersigned emailed opposing counsel to begin the process of meeting and conferring on the Motion to Amend. The parties exchanged emails through October 10, 2018. Undersigned was out of the office from October 11, 2018 through October 17, 2018.

On October 12, 2018, while undersigned was out of the office, defense counsel had responded to the last email indicating defendant's opposition to Plaintiff's Motion to Amend.  Defense counsel also sought to meet and confer on defendant's deadline to pursue certain relief.  Upon returning to the office, undersigned immediately addressed defendant's meet and confer request and noted the parties were at impasse in connection with Plaintiff's Motion to Amend. Plaintiff then worked on the Motion to Amend and caught up on the other business items that had built up in undersigned's absence.   Plaintiff then went to file the Motion to Amend yesterday and noted the inadvertent miscalendaring.   Undersigned immediately sought to extend Plaintiff's deadline to file the Motion to Amend.  In the event the Court is inclined to grant Plaintiff's motion for an extension, Plaintiff is contemporaneously filing its Motion to Amend.

### Certification Pursuant to L.R. 3.01(g)

On October 29, 2018, undersigned set out to file Plaintiff's Motion to Amend.   In finalizing that filing, undersigned noticed that the deadline for pursuing relief under Fed. R. Civ. P. 59(e) had been inadvertently miscalendared.   Undersigned asked opposing counsel if he opposed a one (1) day extension of time to file.   Opposing counsel did not get back to undersigned until today.  Opposing counsel indicated that he would like to provide the extension as a professional courtesy, but that defendant wanted to oppose the extension request. Opposing counsel indicated he would continue to discuss with his client.  Plaintiff will update this 3.01(g) certificate as appropriate.

October 30, 2018

*/s/ Woodrow H. Pollack*
Woodrow H. Pollack
Florida Bar No.: 26802
Shutts & Bowen, LLP
4301 W Boy Scout Blvd
Suite 300
Tampa, FL 33607
(813) 463-48948
(813) 227-8234 (facsimile)
wpollack@shutts.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 30 2018, a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Woodrow H. Pollack*
Woodrow H. Pollack