UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| CINCLIPS, LLC,<br>    a Georgia Limited Liability Company<br><br>Plaintiff,<br><br>v.<br><br>Z KEEPERS, LLC,<br>    A Florida Limited Liability Company<br><br>Defendant. | Case No. 8:16-cv-01067-SDM-JSS |

## CINCLIPS' MOTION FOR AMENDMENT OF THE CLERK'S JUDGMENT

Pursuant to Federal Rules of Civil Procedure 59 and 60, Cinclips hereby moves this Court to correct the Clerk's Judgment dated September 28, 2018 [Dkt. 152] to include the jury's decisions on Z Keepers' affirmative defenses. Cinclips tried three (3) issues to the jury: (1) direct infringement; (2) contributory infringement; and (3) induced infringement. For each of these issues, the jury returned a verdict "FINDING FOR Z KEEPERS." Similarly, Z Keepers tried three (3) issues to the jury: (1) invalidity for lack of adequate written disclosure; (2) invalidity for obviousness; and (3) inequitable conduct. For each of these issues, the jury returned a verdict "FINDING FOR CINCLIPS." This motion requests alteration of the Clerk's judgment to match the case tried and verdict issued.

## DISCUSSION

Rule 59 allows a party to move "to alter or amend a judgment within 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Rule 60 further allows a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a

judgment…." Fed. R. Civ. P. 60(a). A "district court may freely amend its judgment to correct errors arising from an oversight or omission before an appeal from that judgment is docketed." *General American Life Ins. Co. v. AmSouth Bank*, 100 F.3d 893 (11th Cir. 1996); *see also Joyce v. Potter*, No. 5:06-CV-339-OC-10GRJ, 2008 WL 11434570, at *1 (M.D. Fla. Apr. 7, 2008) (granting motion filed pursuant to Rule 60 to correct court's "oversight"); *Colbert v. United States*, No. 3:09-CV-998-J-20JRK, 2014 WL 11369449, at *1 (M.D. Fla. Mar. 6, 2014) (granting motion filed pursuant to Rule 59 to correct "clerical errors").

On September 27, 2018, the jury returned a ten-page verdict form, consisting of multiple "yes or no" questions. [Dkt. 147]. In addition to making legal conclusions on the infringement claims in this case, the jury also made legal conclusions as to affirmative defenses and the amount of damages owed. (*Id.*) Namely, the jury concluded that Z Keepers proved neither (1) invalidity on account of failure to provide written disclosure, (2) invalidity on account of obviousness, nor (3) inequitable conduct. (*See id.* at 6-8 (questions 5–7 covering affirmative defenses).)

The jury's conclusions on Z Keepers' affirmative defenses "are similar in kind to general verdicts" and should be treated as such. *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1031 (9th Cir. 2003) (distinguishing between general and special verdicts, aligning decisions on affirmative defenses with general verdicts "because they require application of the law to the facts"). Yet these decisions are included nowhere in the Clerk's Judgment. Accordingly, the Court should amend the Judgment to accurately reflect the record and the entirety of the verdict form. Cinclips requests that judgment be entered in its favor in connection with Z Keepers' claims of invalidity for lack of written disclosure, invalidity on account of obviousness, and inequitable conduct.

**CERTIFICATION PURSUANT TO L.R. 3.01(g)**

Undersigned has conferred with Defendant's counsel, who opposes this motion.

**CONCLUSION**

For the foregoing reasons, Cinclips respectfully requests the Court amend the Clerk's Judgment to include the jury's legal conclusions regarding Z Keepers' affirmative defenses.

October 30, 2018

*/s/ Woodrow H. Pollack*
Woodrow H. Pollack
Florida Bar No.: 26802
Shutts & Bowen, LLP
4301 W Boy Scout Blvd
Suite 300
Tampa, FL 33607
(813) 463-48948
(813) 227-8234 (facsimile)
wpollack@shutts.com

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 30 2018, a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Woodrow H. Pollack*
Woodrow H. Pollack