11/5/2018 Case 8:16-cv-01067-JSS Document 174-2 Filed 11/05/18 Page 1 of 6 PageID 3352
2001 Duty of Disclosure, Candor, and Good Faith

EXHIBIT B

- PATENTS
- TRADEMARKS
- IP LAW & POLICY
- PRODUCTS & SERVICES
- INVENTORS
- NEWS & NOTICES
- FAQs
- ABOUT US

## 2001 Duty of Disclosure, Candor, and Good Faith [R-08.2017]

37 CFR 1.56  Duty to disclose information material to patentability.

[Editor Note: Para. (c)(3) below is applicable only to patent applications filed under 35 U.S.C. 111(a) or 363 on or after September 16, 2012.]

- (a) A patent by its very nature is affected with a public interest. The public interest is best served, and the most effective patent examination occurs when, at the time an application is being examined, the Office is aware of and evaluates the teachings of all information material to patentability. Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section. The duty to disclose information exists with respect to each pending claim until the claim is cancelled or withdrawn from consideration, or the application becomes abandoned. Information material to the patentability of a claim that is cancelled or withdrawn from consideration need not be submitted if the information is not material to the patentability of any claim remaining under consideration in the application. There is no duty to submit information which is not material to the patentability of any existing claim. The duty to disclose all information known to be material to patentability is deemed to be satisfied if all information known to be material to patentability of any claim issued in a patent was cited by the Office or submitted to the Office in the manner prescribed by §§ 1.97(b) (mpep-9020-appx-r.html#d0e321624) -(d) (mpep-9020-appx-r.html#d0e321674) and 1.98 (mpep-9020-appx-r.html#d0e321738) . However, no patent will be granted on an application in connection with which fraud on the Office was practiced or attempted or the duty of disclosure was violated through bad faith or intentional misconduct. The Office encourages applicants to carefully examine:
    - (1) Prior art cited in search reports of a foreign patent office in a counterpart application, and
    - (2) The closest information over which individuals associated with the filing or prosecution of a patent application believe any pending claim patentably defines, to make sure that any material information contained therein is disclosed to the Office.
- (b) Under this section, information is material to patentability when it is not cumulative to information already of record or being made of record in the application, and
    - (1) It establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim; or
    - (2) It refutes, or is inconsistent with, a position the applicant takes in:
        - (i) Opposing an argument of unpatentability relied on by the Office, or
        - (ii) Asserting an argument of patentability.
    - (3) A prima facie case of unpatentability is established when the information compels a conclusion that a claim is unpatentable under the preponderance of evidence, burden-of-proof standard, giving each term in the claim its broadest reasonable construction consistent with the specification, and before any consideration is given to evidence which may be submitted in an attempt to establish a contrary conclusion of patentability.
- (c) Individuals associated with the filing or prosecution of a patent application within the meaning of this section are:
    - (1) Each inventor named in the application;
    - (2) Each attorney or agent who prepares or prosecutes the application; and
    - (3) Every other person who is substantively involved in the preparation or prosecution of the application and who is associated with the inventor, the applicant, an assignee, or anyone to whom there is an obligation to assign the application.
- (d) Individuals other than the attorney, agent or inventor may comply with this section by disclosing information to the attorney, agent, or inventor.
- (e) In any continuation-in-part application, the duty under this section includes the duty to disclose to the Office all information known to the person to be material to patentability, as defined in paragraph (b) of this section, which became available between the filing date of the prior application and the national or PCT international filing date of the continuation-in-part application.

37 CFR 1.56 (pre-AIA) Duty to disclose information material to patentability.
[Editor Note: Para. (c)(3) below is not applicable to patent applications filed under 35 U.S.C. 111(a) or 363 on or after Sept. 16, 2012.]

*****

- (c) Individuals associated with the filing or prosecution of a patent application within the meaning of this section are:
    - *****

- (3) Every other person who is substantively involved in the preparation or prosecution of the application and who is associated with the inventor, with the assignee or with anyone to whom there is an obligation to assign the application.

*****

**37 CFR 1.56 (mpep-9020-appx-r.html#d0e319407)** defines the duty to disclose information to the Office.

## 2001.01 Who Has Duty To Disclose [R-08.2017]

37 CFR 1.56  Duty to disclose information material to patentability.
*****

- (c) Individuals associated with the filing or prosecution of a patent application within the meaning of this section are:
  - (1) Each inventor named in the application;
  - (2) Each attorney or agent who prepares or prosecutes the application; and
  - (3) Every other person who is substantively involved in the preparation or prosecution of the application and who is associated with the inventor, the applicant, an assignee, or anyone to whom there is an obligation to assign the application.

*****

37 CFR 1.56 (pre-AIA)  Duty to disclose information material to patentability.
*****

- (c) Individuals associated with the filing or prosecution of a patent application within the meaning of this section are:
  - (1) Each inventor named in the application;
  - (2) Each attorney or agent who prepares or prosecutes the application; and
  - (3) Every other person who is substantively involved in the preparation or prosecution of the application and who is associated with the inventor, with the assignee or with anyone to whom there is an obligation to assign the application

*****

Individuals having a duty of disclosure are limited to those who are "substantively involved in the preparation or prosecution of the application." This is intended to make clear that the duty does not extend to typists, clerks, and similar personnel who assist with an application. In accordance with statutory changes required by the AIA, **37 CFR 1.56(c)(3) (mpep-9020-appx-r.html#aia_d0e319475)** was modified to apply the duty of disclosure to those who are associated with the inventor, the applicant, an assignee, or anyone to whom there is an obligation to assign the application.

The duty of disclosure applies only to individuals, not to organizations. For instance, the duty of disclosure would not apply to a corporation or institution as such. However, it would apply to individuals within the corporation or institution who were substantively involved in the preparation or prosecution of the application, and actions by such individuals may affect the rights of the corporation or institution.

## 2001.02 [Reserved]

## 2001.03 To Whom Duty of Disclosure Is Owed [R-08.2017]

**37 CFR 1.56(a) (mpep-9020-appx-r.html#d0e319407)** states that the "duty of candor and good faith" is owed "in dealing with the Office" and that all associated with the filing and prosecution of a patent application have a "duty to disclose to the Office" material information. This duty "in dealing with" and "to" the Office extends, of course, to all dealings which such individuals have with the Office, and is not limited to representations to or dealings with the examiner. For example, the duty would extend to proceedings before the Patent Trial and Appeal Board and the Office of the Commissioner for Patents.

## 2001.04 Information Under 37 CFR 1.56(a) [R-08.2017]

37 CFR 1.56  Duty to disclose information material to patentability.

- (a) A patent by its very nature is affected with a public interest. The public interest is best served, and the most effective patent examination occurs when, at the time an application is being examined, the Office is aware of and evaluates the teachings of all information material to patentability. Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section. The duty to disclose information exists with respect to each pending claim until the claim is cancelled or withdrawn from consideration, or the application becomes abandoned. Information material to the patentability of a claim that is cancelled or withdrawn from consideration need not be submitted if the information is not material to the patentability of any claim remaining under consideration in the application. There is no duty to submit information which is not material to the patentability of any existing claim. The duty to disclose all information known to be material to patentability is deemed to be satisfied if all information known to be material to patentability of any claim issued in a patent was cited by the Office or submitted to the Office in the manner prescribed by **§§ 1.97(b) (mpep-9020-appx-r.html#d0e321624) -(d) (mpep-9020-appx-r.html#d0e321674)** and **1.98 (mpep-9020-appx-r.html#d0e321738)** . However, no patent will be granted on an application in connection with which fraud on the Office was practiced or attempted or the duty of disclosure was violated through bad faith or intentional misconduct. The Office encourages applicants to carefully examine:

- (1) Prior art cited in search reports of a foreign patent office in a counterpart application, and
- (2) The closest information over which individuals associated with the filing or prosecution of a patent application believe any pending claim patentably defines, to make sure that any material information contained therein is disclosed to the Office.

*****

The language of **37 CFR 1.56** (mpep-9020-appx-r.html#d0e319407) (and **37 CFR 1.555** (mpep-9020-appx-r.html#d0e330648) ) emphasizes that there is a duty of candor and good faith which is broader than the duty to disclose material information. **37 CFR 1.56** (mpep-9020-appx-r.html#d0e319407) further states that "no patent will be granted on an application in connection with which fraud on the Office was practiced or attempted or the duty of disclosure was violated through bad faith or intentional misconduct."

The Office strives to issue valid patents. The Office has both an obligation not to unjustly issue patents and an obligation not to unjustly deny patents. Innovation and technological advancement are best served when an inventor is issued a patent with the scope of protection that is deserved. The rules serve to remind individuals associated with the preparation and prosecution of patent applications of their duty of candor and good faith in their dealings with the Office, and will aid the Office in receiving, in a timely manner, the information it needs to carry out effective and efficient examination of patent applications. Moreover, an incentive exists to submit material information to the Office because it may result in enhanced patent quality and may avoid later questions of materiality and intent to deceive.

The definition of materiality in **37 CFR 1.56** (mpep-9020-appx-r.html#d0e319407) is intended to provide the Office with the information it needs in order for the examiner to make a proper and independent determination on patentability. The patent examiner should make the patentability determination after considering the relevant facts properly of record in the particular case.

**37 CFR 1.56** (mpep-9020-appx-r.html#d0e319407) states that each individual associated with the filing and prosecution of a patent application has a duty to disclose all information known to that individual to be material to patentability as defined in the section. Thus, the duty applies to contemporaneously or presently known information. The fact that information was known years ago does not mean that it was recognized that the information is material to the present application.

The term "information" as used in **37 CFR 1.56** (mpep-9020-appx-r.html#d0e319407) means all of the kinds of information required to be disclosed and includes any information which is "material to patentability." Materiality is defined in **37 CFR 1.56(b)** (mpep-9020-appx-r.html#d0e319407) and discussed herein at **MPEP § 2001.05** (s2001.html#d0e195810) . In addition to prior art such as patents and publications, **37 CFR 1.56** (mpep-9020-appx-r.html#d0e319407) includes, for example, information on enablement, possible prior public uses, sales, offers to sell, derived knowledge, prior invention by another, inventorship conflicts, litigation statements, and the like. "Materiality is not limited to prior art but embraces any information that a reasonable examiner would be substantially likely to consider important in deciding whether to allow an application to issue as a patent." Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc., 326 F.3d 1226, 1234, 66 USPQ2d 1481, 1486 (Fed. Cir. 2003) (emphasis in original) (finding article which was not prior art to be material to enablement issue).

The term "information" is intended to be all encompassing, similar to the scope of the term as discussed with respect to **37 CFR 1.291(a)** (mpep-9020-appx-r.html#d0e325685) (see **MPEP § 1901.02** (s1901.html#d0e193964) ). **37 CFR 1.56(a)** (mpep-9020-appx-r.html#d0e319407) also states: "The Office encourages applicants to carefully examine: (1) prior art cited in search reports of a foreign patent office in a counterpart application, and (2) the closest information over which individuals associated with the filing or prosecution of a patent application believe any pending claim patentably defines, to make sure that any material information contained therein is disclosed to the Office."

It should be noted that the rules are not intended to require information favorable to patentability such as, for example, evidence of commercial success of the invention. Similarly, the rules are not intended to require, for example, disclosure of information concerning the level of skill in the art for purposes of determining obviousness.

**37 CFR 1.56(a)** (mpep-9020-appx-r.html#d0e319407) states that the duty to disclose information exists until the application becomes abandoned. The duty to disclose information, however, does not end when an application becomes allowed but extends until a patent is granted on that application. The rules provide for information being considered after a notice of allowance is mailed and before the issue fee is paid (**37 CFR 1.97(d)** (mpep-9020-appx-r.html#d0e321609) ) (see **MPEP § 609.04(b), subsection III** (s609.html#d0e53830) ). The rules also provide for an application to be withdrawn from issue:

- (A) because one or more claims are unpatentable (**37 CFR 1.313(c)(1)** (mpep-9020-appx-r.html#d0e326317) );
- (B) for express abandonment so that information may be considered in a continuing application before a patent issues (**37 CFR 1.313(c)(3)** (mpep-9020-appx-r.html#d0e326317) ); or
- (C) for consideration of a request for continued examination (RCE) under **37 CFR 1.114** (mpep-9020-appx-r.html#d0e322625) (**37 CFR 1.313(a)** (mpep-9020-appx-r.html#d0e326317) and (c)(2)). Note that RCE practice does not apply to utility or plant applications filed before June 8, 1995 or to design applications. See **MPEP § 706.07(h)** (s706.html#d0e70778) .

See **MPEP § 1308** (s1308.html#d0e133618) for additional information pertaining to withdrawal of an application from issue.

In a continuation-in-part application, individuals covered by **37 CFR 1.56** (mpep-9020-appx-r.html#d0e319407) have a duty to disclose to the Office all information known to be material to patentability which became available between the filing date of the prior application and the national or PCT international filing date of the continuation-in-part application. See **37 CFR 1.56(e)** (mpep-9020-appx-r.html#d0e319407) .

**37 CFR 1.56** (mpep-9020-appx-r.html#d0e319407) provides that the duty of disclosure can be met by submitting information to the Office in the manner prescribed by **37 CFR 1.97** (mpep-9020-appx-r.html#d0e321609) and **1.98** (mpep-9020-appx-r.html#d0e321738) . See **MPEP § 609** (s609.html#d0e52594) et seq. Applicants are provided certainty as to when information will be considered, and applicants will be informed when information is not considered. Note, however, if even a document was cited to or considered in a prior examination or related Office proceeding, the Office may order reexamination based on the document if it raises a substantial new question of patentability. See **MPEP § 2242** (s2242.html#d0e225368) and **MPEP § 2258.01** (s2258.html#d0e230030) .

11/5/2018 Case 8:16-cv-01067-JSS Document 174-2 Filed 11/05/18 Page 4 of 6 PageID 3355
2001.05 Duty of Disclosure Can of Good Faith
EXHIBIT B

37 CFR 1.555 (mpep-9020-appx-r.html#d0e330648) provides for the duty of disclosure in reexamination proceedings. For a discussion of information material to patentability in a reexamination proceeding, see **MPEP § 2280 (s2280.html#d0e234039)** or **MPEP § 2684 (s2684.html#d0e267936)** . For supplemental examination and any ex parte reexamination proceeding ordered under **35 U.S.C. 257 (mpep-9015-appx-l.html#al_d1b138_208e1_350)** , information material to patentability is defined by **37 CFR 1.56 (mpep-9020-appx-r.html#aia_d0e319407)** . See **37 CFR 1.625(d)(4) (mpep-9020-appx-r.html#ar_d1d8bb_14b5a_124)** and **MPEP § 2820 (s2820.html#ch2800_d1ff00_2731c_345)** .

## 2001.05 Materiality Under 37 CFR 1.56(b) [R-08.2017]

37 CFR 1.56  Duty to disclose information material to patent ability.
*****

- (b) Under this section, information is material to patentability when it is not cumulative to information already of record or being made of record in the application, and
  - (1) It establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim; or
  - (2) It refutes, or is inconsistent with, a position the applicant takes in:
    - (i) Opposing an argument of unpatentability relied on by the Office, or
    - (ii) Asserting an argument of patentability.

A prima facie case of unpatentability is established when the information compels a conclusion that a claim is unpatentable under the preponderance of evidence, burden-of-proof standard, giving each term in the claim its broadest reasonable construction consistent with the specification, and before any consideration is given to evidence which may be submitted in an attempt to establish a contrary conclusion of patentability.

*****

Under the rule, information is not material unless it comes within the definition of **37 CFR 1.56(b)(1) (mpep-9020-appx-r.html#aia_d0e319437)** or **(2) (mpep-9020-appx-r.html#aia_d0e319444)** . If information is not material, there is no duty to disclose the information to the Office. The Office believes that most applicants will wish to submit the information, however, even though they may not be required to do so, to strengthen the patent and avoid the risks of an incorrect judgment on their part on materiality.

## 2001.06 Sources of Information under 37 CFR 1.56 [R-08.2017]

All individuals covered by **37 CFR 1.56 (mpep-9020-appx-r.html#d0e319407)** (reproduced in **MPEP § 2001.01 (s2001.html#d0e195539)** ) have a duty to disclose to the U.S. Patent and Trademark Office all material information they are aware of regardless of the source of or how they become aware of the information. See Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp., 267 F.3d 1370, 1383, 60 USPQ2d 1482, 1490 (Fed. Cir. 2001) ("Once an attorney, or an applicant has notice that information exists that appears material and questionable, that person cannot ignore that notice in an effort to avoid his or her duty to disclose."). Materiality controls whether information must be disclosed to the Office, not the circumstances under which or the source from which the information is obtained. If material, the information must be disclosed to the Office. The duty to disclose material information extends to information such individuals are aware of prior to or at the time of filing the application or become aware of during the prosecution thereof.

Individuals covered by **37 CFR 1.56 (mpep-9020-appx-r.html#aia_d0e319407)** may be or become aware of material information from various sources such as, for example, co-workers, trade shows, communications from or with competitors, potential infringers, or other third parties, related foreign applications (see **MPEP § 2001.06(a) (s2001.html#d0e195900)** ), prior or copending United States patent applications (see **MPEP § 2001.06(b) (s2001.html#d0e195923)** ), related litigation and/or post-grant proceedings (see **MPEP § 2001.06(c) (s2001.html#d0e195990)** ) and preliminary examination searches.

## 2001.06(a) Prior Art Cited in Related Foreign Applications [R-08.2012]

Applicants and other individuals, as set forth in **37 CFR 1.56 (mpep-9020-appx-r.html#d0e319407)** , have a duty to bring to the attention of the Office any material prior art or other information cited or brought to their attention in any related foreign application. The inference that such prior art or other information is material is especially strong where it has been used in rejecting the same or similar claims in the foreign application or where it has been identified in some manner as particularly relevant. See Gemveto Jewelry Co. v. Lambert Bros., Inc., 542 F. Supp. 933, 216 USPQ 976 (S.D. N.Y. 1982) wherein a patent was held invalid or unenforceable because patentee's foreign counsel did not disclose to patentee's United States counsel or to the Office prior art cited by the Dutch Patent Office in connection with the patentee's corresponding Dutch application. The court stated, 542 F. Supp. at 943, 216 USPQ at 985:

> Foreign patent attorneys representing applicants for U.S. patents through local correspondent firms surely must be held to the same standards of conduct which apply to their American counterparts; a double standard of accountability would allow foreign attorneys and their clients to escape responsibility for fraud or inequitable conduct merely by withholding from the local correspondent information unfavorable to patentability and claiming ignorance of United States disclosure requirements.

## 2001.06(b) Information Relating to or From Copending United States Patent Applications [R-08.2017]

The individuals covered by **37 CFR 1.56 (mpep-9020-appx-r.html#d0e319407)** have a duty to bring to the attention of the examiner, or other Office official involved with the examination of a particular application, information within their knowledge as to other copending United States applications which are "material to patentability" of the application in question. This may include providing the identification of pending or abandoned applications filed by at least one of the inventors or assigned to the same assignee as

the current application that disclose similar subject matter that are not otherwise identified in the current application. As set forth by the court in Armour & Co. v. Swift & Co., 466 F.2d 767, 779, 175 USPQ 70, 79 (7th Cir. 1972):

> [W]e think that it is unfair to the busy examiner, no matter how diligent and well informed he may be, to assume that he retains details of every pending file in his mind when he is reviewing a particular application . . . [T]he applicant has the burden of presenting the examiner with a complete and accurate record to support the allowance of letters patent.

See also MPEP § 2004 (s2004.html#d0e196215), paragraph 9.

Accordingly, the individuals covered by 37 CFR 1.56 (mpep-9020-appx-r.html#d0e319407) cannot assume that the examiner of a particular application is necessarily aware of other applications which are "material to patentability" of the application in question, but must instead bring such other applications to the attention of the examiner. See Regeneron Pharm., Inc. v. Merus B.V., 144 F. Supp. 3d 530, 560 (S.D.N.Y. 2015), and Dayco Prod., Inc. v. Total Containment, Inc., 329 F.3d 1358, 1365-69, 66 USPQ2d 1801, 1806-08 (Fed. Cir. 2003). For example, if a particular inventor has different applications pending which disclose similar subject matter but claim patentably indistinct inventions, the existence of other applications must be disclosed to the examiner of each of the involved applications. Similarly, the prior art references from one application must be made of record in another subsequent application if such prior art references are "material to patentability" of the subsequent application. See Dayco Prod., 329 F.3d at 1369, 66 USPQ2d at 1808.

If the application under examination is identified as a continuation, divisional, or continuation-in-part of an earlier application, the examiner will consider the prior art properly cited in the earlier application. See MPEP § 609 (s609.html#d0e52594) and MPEP § 719.05, subsection (II)(A), example J. (s719.html#d0e94319) The examiner must indicate in the first Office action whether the prior art in a related earlier application has been reviewed. Accordingly, no separate citation of the same prior art need be made in the later application, unless applicant wants a listing of the prior art printed on the face of the patent.

## 2001.06(c) Information From Related Litigation and/or Trial Proceedings [R-08.2017]

The America Invents Act (AIA) added trial proceedings to be conducted by the Patent Trial and Appeal Board (PTAB) including inter partes review proceedings, post-grant review, covered business method reviews, and derivation. In many instances, these trial proceedings yield information that may be considered material to pending related patent applications. Where the subject matter for which a patent is being sought is or has been involved in litigation and/or a trial proceeding, or the litigation and/or trial proceeding yields information material to currently pending applications, the existence of such litigation and any other material information arising therefrom must be brought to the attention of the examiner or other appropriate official at the U.S. Patent and Trademark Office. In particular, material information that is raised in trial proceedings that is relevant to related applications undergoing examination should be submitted on an Information Disclosure Statement for the examiner's consideration. Examples of such material information include evidence of possible prior public use or sales, questions of inventorship, prior art, allegations of "fraud," "inequitable conduct," and "violation of duty of disclosure." Another example of such material information is any assertion that is made during litigation and/or trial proceeding which is contradictory to assertions made to the examiner. Environ Prods., Inc. v. Total Containment, Inc., 43 USPQ2d 1288, 1291 (E.D. Pa. 1997). Such information might arise during litigation and/or trial proceeding in, for example, pleadings, admissions, discovery including interrogatories, depositions, and other documents and testimony.

Where a patent for which reissue is being sought is, or has been, involved in litigation and/or trial proceeding which raised a question material to examination of the reissue application, such as the validity of the patent, or any allegation of "fraud," "inequitable conduct," or "violation of duty of disclosure," the existence of such litigation and/or trial proceeding must be brought to the attention of the examiner by the applicant at the time of, or shortly after, filing the application. Such information can be disclosed either in the reissue oath or declaration, or in a separate paper, preferably accompanying the application, as filed. Litigation and/or trial proceedings that begin after filing of the reissue application should be promptly brought to the attention of the Office. The details and documents from the litigation and/or trial proceedings, insofar as they are "material to patentability" of the reissue application as defined in 37 CFR 1.56 (mpep-9020-appx-r.html#d0e319407), should accompany the application as filed, or be submitted as promptly thereafter as possible. See Critikon, Inc. v. Becton Dickinson Vascular Access, Inc., 120 F.3d 1253, 1258-59, 43 USPQ2d 1666, 1670-71 (Fed. Cir. 1997) (patent held unenforceable due to inequitable conduct based on patentee's failure to disclose a relevant reference and for failing to disclose ongoing litigation).

For example, the defenses raised against validity of the patent, or charges of "fraud" or "inequitable conduct" in the litigation, would normally be "material to the examination" of the reissue application. It would, in most situations, be appropriate to bring such defenses to the attention of the Office by filing in the reissue application a copy of the court papers raising such defenses. At a minimum, the applicant should call the attention of the Office to the litigation, the existence and the nature of any allegations relating to validity and/or "fraud," or "inequitable conduct" relating to the original patent, and the nature of litigation materials relating to these issues. Enough information should be submitted to clearly inform the Office of the nature of these issues so that the Office can intelligently evaluate the need for asking for further materials in the litigation. See MPEP § 1442.04 (s1442.html#d0e141089).

If litigation papers of a live litigation relating to a pending reissue application are filed with the Office, the Solicitor's Office should be notified of the filing of the litigation papers in the application file. If the litigation is not live, the litigation papers are processed by the Technology Center assigned the reissue application.

## 2001.06(d) Information Relating to Claims Copied From a Patent [R-08.2017]

Where claims are copied or substantially copied from a patent, 37 CFR 41.202(a) (mpep-9020-appx-r.html#d0e359555) requires the applicant, at the time he or she presents the claim(s), to identify the patent and the numbers of the patent claims. Clearly, the information required by 37 CFR 41.202(a) (mpep-9020-appx-r.html#d0e359555) as to the source of copied claims is material information under 37 CFR 1.56 (mpep-9020-appx-r.html#d0e319407) and failure to inform the USPTO of such information may violate the duty of disclosure.

[top] (#top)

This page is owned by Patents.    Last Modified: 01/24/2018 17:18:53