IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CINCLIPS, LLC,
  a Georgia Limited Liability Company

      Plaintiff,

Civil Action No. 8:16-cv-01067-JSS

v.

Z KEEPERS, LLC,
  a Florida Limited Liability Company,

      Defendant.
_____/

## Z KEEPER'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME

Defendant, Z Keepers, LLC, respectfully requests that the Court deny Plaintiff's Motion for Extension of Time [DE 169] because Rule 6(b)(2) expressly prohibits the grant of an extension of time for a party to file a Motion to Amend a Judgment when made under Rule 59(e). In addition, Plaintiff's Motion for Extension of Time should separately be denied for Plaintiff's failure to establish excusable neglect as required by Rule 6(b)(1)(B) of the Federal rules of Civil Procedure.

**I.    RULE 6(b)(2) PROHIBITS GRANTING EXTENSIONS OF TIME TO FILE MOTION TO AMEND JUDGMENT MADE UNDER RULES 59(e) AND 60(b), WHICH ARE THE SOLE GROUNDS STATED WITHIN CINCLIPS MOTION TO AMEND.**

CinClips filed its Motion for Extension of Time [DE 169] on October 30, 2018. The same day, before allowing Z Keepers an opportunity to file its opposition, and without allowing the Court to otherwise Rule on CinClips Motion for Extension of Time, CinClips forged ahead and improperly filed a late Motion to Amend the Judgment [DE 170]. CinClips should not be rewarded for its misconduct. See Hoover v. Blue Cross & Blue Shield, 855 F.2d 1538, 1544 (11th Cir. 1988) "[I]f an amendment that cannot be made as of right is served without obtaining the court's leave or

1

the opposing party's consent, it is without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval).

Turning to the substance of CinClips Motion for Extension of Time, Rule 6(b) provides:

"(1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

(2) Exceptions. *A court must not extend the time to act under Rules* 50(b) and (d), 52(b), *59(b), (d), and (e), and 60(b)*."

Fed. R. Civ. P. 6(b)(2) (emphasis added).

CinClips' Motion for Extension of Time notes the two grounds on which its late filed motion to amend the judgment is based. CinClips states in relevant part:

On September 28, 2018, the clerk entered judgment in favor of Defendant, Z Keepers, LLC and against Plaintiff [Dkt. 152]. Fed. R. Civ. P. 59(e) allows for a motion to alter or amend a judgment be filed no later than 28 days after the enter of judgment, or October 26, 2018. Whereas Fed. R. Civ. P. 60(b) allows for a motion to be made within reasonable time, and no more than a year after the entry of judgment. Undersigned inadvertently miscalendared the

CinClips' Motion for Extension at p. 1 (emphasis added). Because Rule 6(b)(2) expressly states "a court must not extend the time to act under Rules . . . 59(e) and 60(b)", CinClips Motion for Extension of Time must be denied, and its late filed Motion to Amend must be stricken.[1]

---

[1] Although CinClips notes in its Motion for Extension that Rule 60(b) provides a "reasonable time" for filing a motion to amend, CinClips did not rely on Rule 60(b) as a ground for seeking

## II. CINCLIPS MOTION FOR EXTENSION OF TIME MUST BE DENIED BECAUSE CINCLIPS FAILED TO ESTABLISH EXCUSABLE NEGLECT.

"After the time has run for making response, a court may permit response 'where the failure to act was the result of excusable neglect.'" McLaughlin v. La Grange, 662 F.2d 1385, 1387 (11th Cir. 1981) (citing Fed.R.Civ.P. 6(b)(2)).

Plaintiff fails to cite any authority in support of the extension sought in it motion. CinClips acknowledges that its counsel began the process of meeting and conferring on CinClips' Motion to Amend as early as October 3, 2018, and that the parties exchanged communications on October 10, 2018, that he was out of the office from October 11 through October 17, 2018. See Exhibit 1. Upon returning to the office on Thursday, October 18, 2018, CinClips' counsel explains that he "addressed defendant's meet and confer request and noted the parties were at impasse in connection with Plaintiff's Motion to Amend. Plaintiff then worked on the Motion to Amend and caught up on the other business items that had built up in undersigned's absence." CinClips Motion at p. 2. However, having a busy practice does not establish excusable neglect. McLaughlin at 1387 (ruling that "the fact that counsel has a busy practice does not establish 'excusable neglect' under Rule 6(b)(2)" for four-day delay).

As a result, CinClips Motion must be denied not only because Rule 6(b)(2) prohibits that grant of extensions for filing Motions to Amend under Rules 59(e) and 60(b), but also because CinClips has not established excusable neglect as required when a Motion for Extension of Time is filed after the expiration of the applicable time period.

---

amendment of the judgment until after the deadline for seeking amendment had expired. Specifically, CinClips counsel cited only Rules 49 and 58 as authority for seeking amendment of the judgment in his good faith conferral communication. See W. Pollack email dated 10-10-2018, attached as **Exhibit 1** (citing as authority for the motion to amend "Generally Fed.R.Civ.P. 49 and 58"). CinClips decision to cite Rule 60(b) in its late filed Motion to Amend appears calculated to somehow overcome the expiration of the 28-day deadline cited in Rule 59(e).

3

WHEREFORE, Defendant Z Keepers, LLC, respectfully requests that CinClips' Motion for Extension of Time be denied, that CinClips' Motion to Amend, which was filed without leave, be stricken, and that the Court grant such other and further relief as this court deems just and proper.

Respectfully submitted.

**FISHER BROYLES, LLP**

*/s/ Charles G. Geitner*
Charles G. Geitner, Esq.
Florida Bar No.: 85170
100 S. Ashley Dr., Suite 600
Tampa, FL 33602
(813) 724-3140
(813) 724-3179 (facsimile)
Charles.Geitner@FisherBroyles.com

and

Jeffrey S. Dixon, *pro hac vice*
Illinois Bar No. 6291231
**Cygan Law Offices, P.C.**
1600 Golf Road, Suite 1200
Rolling Meadows IL, 60008
847-956-4915
Fax: 888-416-8495
*Attorneys for Defendant,*
*Z Keepers, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 13, 2018, a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

        */s/ Charles G. Geitner*
        Charles G. Geitner, Esq.