UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CINCLIPS, LLC,

    Plaintiff,

v.                                                                          Case No: 8:16-cv-1067-T-JSS

Z KEEPERS, LLC,

    Defendant.
_____/

## **ORDER**

THIS MATTER is before the Court on Cinclips, LLC's Motion for Extension of Time to File Motion to Amend Judgment ("Motion for Extension") (Dkt. 169) and Z Keepers, LLC's response in opposition (Dkt. 175). For the reasons set forth below, the Motion for Extension is granted in part and denied in part.

## **BACKGROUND**

In this action, Cinclips sued Z Keepers alleging one count of patent infringement on United States Patent 9,133,609 ("the '609 patent"). (Dkt. 1.) Z Keepers denied infringement and raised several affirmative defenses, including invalidity, obviousness, and inequitable conduct. (Dkt. 22.) After a four-day trial, a jury found that Z Keepers did not infringe the '609 patent under any theory, but also found no basis to declare the patent invalid. (Dkt. 147.) Based on the jury's verdict, the Clerk of Court entered judgment in favor of Z Keepers and against Cinclips on September 28, 2018. (Dkt. 152.)

On October 30, 2018, Cinclips filed its Motion for Extension, in which Cinclips asks for an extension of time to file a motion to amend the judgment. (Dkt. 169.) Cinclips concurrently filed its Motion for Amendment of the Clerk's Judgment ("Motion to Amend"). (Dkt. 170.) In

the Motion to Amend, Cinclips requests that the judgment be amended to reflect the jury's verdict in favor of Cinclips on Z Keepers' affirmative defenses. (Dkt. 170 at 1.) Cinclips offers both Federal Rules of Civil Procedure 59(e) and 60(a) as possible bases for the requested amendment. (Dkt. 170 at 1–2.) Thus, the Motion for Extension asks this Court to accept the Motion to Amend as timely filed.

## APPLICABLE STANDARDS

Rule 59(e) authorizes a "motion to alter or amend a judgment" within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A proper motion under Rule 59(e) is one that "involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989) (quoting *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 451 (1982)). Because it is a challenge to the merits, a Rule 59 motion may only be granted based on "newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotations omitted). A Rule 59(e) motion may not "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

Rule 60(a) allows a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment." Fed. R. Civ. P. 60(a). The court may freely do so if an appeal is not currently pending. *Id.* Although a court "may correct clerical mistakes or oversights that cause the judgment to fail to reflect what was intended at time of trial," substantive errors "are beyond the scope of [R]ule 60(a)." *Mullins v. Nickel Plate Mining Co.*, 691 F.2d 971, 973 (11th Cir. 1982).

"When an act may or must be done within a specified time," Rule 6(b) allows a court to, "for good cause, extend the time." Fed. R. Civ. P. 6(b)(1). If the time to act has expired, the party must show "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). However, a court "must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)." Fed. R. Civ. P. 6(b)(2).

## ANALYSIS

Because the Motion to Amend was filed thirty-two days after the entry of judgment, it is untimely under Rule 59(e) and Rule 6(b)(2) prevents the Court from accepting it as timely filed under Rule 59(e). *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010) ("To help preserve the finality of judgments, a court may not extend the time to file a Rule 59(e) motion.") (citing Fed. R. Civ. P. 6(b)(2));[1] *Wright v. Preferred Research, Inc.*, 891 F.2d 886, 890 (11th Cir. 1990) (noting that the deadline in Rule 59(e) "is jurisdictional and cannot be extended by the court"). As such, the Motion for Extension is denied to the extent that Cinclips asks the Court to extend the filing deadline in Rule 59(e).

However, the Motion to Amend also suggests entitlement to relief under Rule 60(a). (Dkt. 170 at 1–2.) As no appeal has been docketed in this case, the Court may grant relief under Rule 60(a) to ensure that the judgment accurately reflects the decision on the merits in this action. *See Weeks v. Jones*, 100 F.3d 124, 128–29 (11th Cir. 1996) (discussing the scope of Rule 60(a)). Thus, because the Motion to Amend is timely under Rule 60(a), no extension is necessary. Accordingly,

---

[1] In *Green*, the Eleventh Circuit applied the former version of Rule 59(e), which allowed only ten days after judgment to file a motion. 606 F.3d at 1300 (citing Fed. R. Civ. P. 59(e) (2007)). In 2009, the Rule was amended to allow for twenty-eight days to file a motion. Fed. R. Civ. P. 59 advisory committee notes to 2009 amendment. However, the advisory committee specifically rejected the possibility of "introduc[ing] the prospect of uncertainty in appeal time by amending Rule 6(b) to permit additional time." *Id.*

the Motion for Extension is denied to the extent it unnecessarily seeks an extension under Rule 60(a).

It is therefore **ORDERED:**

1. Cinclips, LLC's Motion for Extension of Time to File Motion to Amend Judgment (Dkt. 169) is **DENIED**; and

2. Z Keepers, LLC shall respond to Cinclips' Motion for Amendment of the Clerk's Judgment (Dkt. 170), under Federal Rule of Civil Procedure 60(a), by **December 14, 2018**.

**DONE** and **ORDERED** in Tampa, Florida, on November 26, 2018.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record